IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERMAIN ANTWON WARREN,[1]

    Petitioner,

v.                                               Civil Action No. 5:15CV117
                                                            (STAMP)

CHARLES WILLIAMS, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING RESPONDENT'S MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT**

    The petitioner, Jermain Antwon Warren ("Warren"), filed this pro se[2] petition under 28 U.S.C. § 2241 challenging the results of a prison disciplinary hearing. This matter was referred to United States Magistrate Judge Robert W. Trumble under Local Rule of Civil Procedure 72.01. The magistrate judge issued a report recommending that the respondent's motion to dismiss or for summary judgment be granted. Warren did not file objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation and grants the respondent's motion to dismiss.

---

    [1]This Court notes that the report and recommendation incorrectly indicates the petitioner's first name as "Jerome" in the case style. This opinion provides the petitioner's correct first name in the case style.

    [2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

## I. Background

Warren got into a fight with another inmate. Warren hit the other inmate with a cane, and the other inmate hit Warren with what appeared to be a sock with a lock in it. A corrections officer witnessed the fight and submitted an incident report. Both inmates were then convicted of violating the prison's disciplinary code for fighting and possession of a weapon.

Warren alleges that his disciplinary conviction violated the due process clause of the Fifth amendment, and that the conviction was not supported by "some evidence." Specifically, Warren argues that the "some evidence" standard is not met because Warren was defending himself against the other inmate's attack, and because the cane Warren used did not constitute a weapon, as it was a prison approved item. Warren asks this Court to vacate the disciplinary convictions and to restore the good time served that he lost as part of his conviction. The respondent filed a motion to dismiss or for summary judgment. The magistrate judge recommends granting the respondent's motion.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because Warren did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are

2

"clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Further, because the magistrate judge relied only on the petition and the materials attached thereto, the magistrate judge granted the respondent's motion as a motion to dismiss and did not convert it into a motion for summary judgment. See Fed. R. Civ. P. 12(d).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

This Court must liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 2007). While the plaintiff's allegations are assumed to be true, Erickson, 551 U.S. at 93, this Court may not ignore a clear failure in the pleading to allege facts that set forth a claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). This Court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, id., or "conjure up questions never squarely

presented" to the court.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. Discussion

First, the magistrate judge concluded that the prison disciplinary proceedings here complied with procedural due process requirements.  The magistrate judge correctly noted that such proceedings must include "advance written notice of the claimed violation, as well as a written statement concerning the evidence relied upon and the reasons for the disciplinary action taken." Brown v. Braxton, 373 F.3d 501, 504 (4th Cir. 2004).  "[I]nmates are not entitled to confront the witnesses against them, nor are they guaranteed the right to retained or appointed counsel." Id. at 504-05.  Further, the inmate has "the qualified right to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 505 (internal quotation marks omitted).

The magistrate judge concluded that the disciplinary proceedings complied with the required procedural due process because Warren did not allege any procedural deficiencies. Further, the incident report attached to his petition states that Warren received advance written notice of the charges, that he was advised of his rights, that he waived his right to staff representation, and that Warren admitted to fighting with the other

4

inmate and using "the cane as a weapon to hit him during the fight." ECF No. 1-2 at 1. Accordingly, this Court finds no error in the magistrate judge's conclusions.

Second, the magistrate judge concluded that Warren's disciplinary conviction was supported by "some evidence." The magistrate judge correctly noted when a prison disciplinary board revokes good time credits, due process requires that "some evidence support[] the decision." Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990) (quoting Superintendent, Mass. Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 454-55 (1985)). The "some evidence" standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced." Hill, 472 U.S. at 455 (internal quotation marks omitted). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

The magistrate judge concluded that some evidence supported the prison's determination that he was guilty of fighting. Specifically, the magistrate judge noted that Warren admitted to fighting the other inmate, and that the disciplinary hearing officer considered the incident report, medical assessments of the

5

inmates, photographs of the weapons used, and memoranda submitted by various corrections officers who responded to the fight. The magistrate judge also correctly concluded that in the context of prison disciplinary proceedings, inmates do not have a right to raise the defense of self-defense. See Suggs v. Jordan, 485 F.3d 934, 938-39 (7th Cir. 2007). Further, the magistrate judge concluded that there was some evidence that Warren's cane constituted a weapon because he used it to hit the other inmate. Warren argues that the cane could not constitute a weapon because it is a prison approved item. However, the magistrate judge correctly concluded that the Bureau of Prisons' regulations prohibit the possession of any instrument used as a weapon, and that Warren admitted to using the cane to hit the other inmate. This Court finds no error in the magistrate judge's conclusions.

## IV. Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation (ECF No. 19) is AFFIRMED AND ADOPTED. Accordingly, the respondent's motion to dismiss or for summary judgment (ECF No. 9) is GRANTED, and the petition (ECF No. 1) is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Further, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a

waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 24, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE